

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 3, 1993

Honorable David Cain
Chair
Committee on Transportation
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78769

Opinion No. DM-253

Re: Whether a home-rule city has authority to regulate outdoor displays and signs at pawnshops, and related questions (RQ-556)

Dear Representative Cain:

You have inquired of this office whether, in light of certain provisions of the Pawnshop Act, V.T.C.S. articles 5069-51.01 *et seq.*, the City of Dallas (the "city") may by ordinance regulate outdoor displays, signs, and storage at pawnshops within the city. You direct our attention to article 5069-51.17B of the Pawnshop Act, which deals with the authority of the Consumer Credit Commissioner (the "commissioner") to regulate the operation of pawnshops, and in particular to two subsections of that article, articles 5069-51.17B(p) and 5069-51.17B(r), which read:

> (p) The commissioner may adopt rules related to the use of outdoor displays and signs at pawnshops and the maintenance of the premises at pawnshops.
>
> . . . .
>
> (r) The legislature has exclusive authority regarding the operation of pawnshops, except for those matters delegated in this Act to the commissioner. Notwithstanding the provisions of this Act, the commissioner has the authority to regulate only those business practices which require a pawnshop license.

You inform us that the Dallas City Council "is currently considering an ordinance that would prohibit the accessory outside sales, accessory outside storage, and accessory outside display of merchandise" at pawnshops in the city. You ask a series of questions concerning the authority of the city to enact such legislation, given the existence of the already-cited provisions of the Pawnshop Act.

The City of Dallas is a home-rule city. As such, its powers are delimited by article XI, section 5 of the Texas Constitution, which declares that "no charter [of a home-rule

city] or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Home-rule cities have all powers of self-government not expressly denied them by the legislature. *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489 (Tex. 1993); Attorney General Opinion DM-229 (1993). In attempting to determine whether a local ordinance is preempted by a state law, courts must seek to construe the two in such a way that both will remain in effect. *City of Richardson v. Responsible Dog Owners of Texas*, 794 S.W.2d 17, 19 (Tex. 1990). "[I]f the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity." *Dallas Merchant's & Concessionaire's Ass'n.*, 852 S.W.2d at 496.

You first ask us whether, if the commissioner does not enact rules concerning the use of outdoor displays and signs at pawnshops, the city may do so. It may not.

The most recent Texas Supreme Court preemption decision, the *Dallas Merchant's & Concessionaire's* case, governs here. In that case, the City of Dallas sought by zoning regulations to restrict the sale of alcoholic beverages in certain areas of South Dallas. The Supreme Court held that the Texas Alcoholic Beverage Code (the "TABC") preempted any such local regulation or ordinance. The basis for the court's decision was section 109.57(b) of the TABC:

> It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state, and that except as permitted by this code, a governmental entity of this state may not discriminate against a business holding a license or permit under this code.

In the view of the Texas Supreme Court, section 109.57(b) was a sufficiently clear indication of legislative intent to preempt the home-rule powers of the City of Dallas with respect to the zoning of liquor stores. *See Dallas Merchant's & Concessionaire's Ass'n.*, 852 S.W.2d at 492, n.3.

In the present case, the language of article 5069-51.17B(r) of the Pawnshop Act is equally clear. The Pawnshop Act, like the TABC, speaks of the "exclusive" nature of legislative authority. The legislature has kept all powers to regulate pawnshops save those it expressly delegates to the commissioner.

The power to regulate outdoor displays and signs has been delegated to the commissioner by article 5069-51.17B(p) of the Pawnshop Act. This grant is made with the requisite "unmistakable clarity," *Dallas Merchant's & Concessionaire's Ass'n*, 852 S.W.2d at 496, and accordingly the city is preempted from legislating in this regard.

Your second question presupposes an affirmative answer to your first question. We therefore need not address it.

You next ask whether the city may "adopt regulations prohibiting outside sales and outside storage at pawnshops." For the reasons already outlined above, the answer is again that it may not. Regulation of these matters is delegated by V.T.C.S. article 5069-51.17B(p) to the commissioner, who is given authority to promulgate rules concerning "the maintenance of the premises." Prohibition of such displays or storage would be no more than the severest form of regulation; and this is a matter which the city is preempted from regulating.

Your final question is whether article 5069-51.17B(r) "exempt[s] pawnshops from city-wide regulations regarding high weeds and landscaping." It does not. While article 5069-51.17B(r) preempts cities from specifically regulating pawnshops, it does not purport to exempt such establishments from the operation of generally applicable ordinances. Accordingly, the Pawnshop Act should be read here in such a way as not to conflict with such ordinances. *City of Richardson*, 794 S.W.2d at 19.

## S U M M A R Y

Articles 5069-51.17B(p) and 5069-51.17B(r) of the Pawnshop Act, V.T.C.S. article 5069-51.01 *et seq.*, preempt any regulation by the City of Dallas of outdoor signs, displays, or storage at pawnshops, because these matters have been delegated to the Consumer Credit Commissioner by the legislature. However, the Pawnshop Act does not purport to exempt such establishments from laws of general application such as the Dallas city regulations concerning high weeds and landscaping.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General