

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 5, 1997

The Honorable Fred Hill
Chair, Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-433

Re: Authority of a home-rule city to adopt an ordinance restricting or prohibiting cigarette vending machines (RQ-912)

Dear Representative Hill:

You have requested our opinion regarding the authority of a home-rule municipality to adopt an ordinance that either prohibits the sale of tobacco products through vending machines or restricts the placement of such machines to areas in which persons younger than eighteen years of age are barred.

Chapters 154 and 155 of the Tax Code levy a tax on the sale of cigarettes and other tobacco products, and establish a system for the administration, collection, and enforcement of the tax. The tax is enforced by a requirement that all distributors, wholesalers, bonded agents, and retailers of tobacco products have a state permit to engage in business. Chapters 154 and 155 provide: "Permits for engaging in business as a distributor, wholesaler, bonded agent, or retailer *shall be governed exclusively by the provisions of this code.*" Tax Code §§ 154.101(h), 155.041(h) (emphasis added). In Attorney General Opinion DM-182, we held that a home-rule city ordinance that established a licensing system for the retail sale of tobacco products was preempted by the quoted provisions of the Tax Code. Attorney General Opinion DM-182 (1992). You express concern about the effect of the Tax Code provisions and Attorney General Opinion DM-182 on any attempt by a municipality to ban or restrict the location of tobacco product vending machines.

In *Dallas Merchant's and Concessionaire's Association v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993), the supreme court considered a challenge to a city zoning ordinance that prohibited the sale of alcoholic beverages within 300 feet of a residential area. The court held that the ordinance was preempted by a portion of the Alcoholic Beverage Code that provides:

> (a) Except as is expressly authorized by this code, a regulation, charter, or ordinance promulgated by a governmental entity of this state may not impose stricter standards on premises or businesses required to have a license or permit under this code than are imposed on similar premises or businesses that are not required to have such a license or permit.

> (b) *It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state*, and that except as permitted by this code, a governmental entity may not discriminate against a business holding a license or permit under this code.

Alco. Bev. Code § 109.57. In concluding that the ordinance in question was incompatible with the statutory provision, however, the supreme court observed that a claim of preemption had to overcome significant obstacles:

> [t]he mere fact that the legislature has enacted a law addressing a subject does not mean the complete subject matter is completely preempted . . . [A] general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. . . . Thus, if the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity.

852 S.W.2d at 491 (citations omitted).

In the *Dallas Merchant's* case, the statute provided that the Alcoholic Beverage Code was to "exclusively govern the *regulation* of alcoholic beverages." *Id.* Furthermore, an ordinance could not "impose stricter standards" on a business selling alcoholic beverages than one not doing so. It was clear that an ordinance restricting the sale of alcoholic beverages based on location represented an attempt to "regulate," and that such an ordinance sought to "impose stricter standards" on businesses selling alcoholic beverages.

By contrast, the Tax Code does not say that all "regulation" of tobacco products "shall be governed exclusively by the provisions of this code," but merely that "permits for engaging in business" are so governed. In our opinion, an ordinance that restricts the location of tobacco vending machines, even to the point of prohibition, does not implicate the "permitting" procedure established by state law. With regard to the sale of tobacco products, the legislature has not preempted the subject matter with "unmistakable clarity." It has spoken only to the permitting or licensing process, as in Attorney General Opinion DM-182, rather than to the entire spectrum of possible "regulation." We conclude that a home-rule city is authorized to adopt an ordinance restricting the location of tobacco product vending machines, or banning them entirely, and in doing so, does not run afoul of the provisions of chapters 154 and 155 of the Tax Code.

## S U M M A R Y

A home-rule municipality is empowered to adopt an ordinance that either prohibits the sale of tobacco products through vending machines or restricts the placement of such machines to areas in which persons younger than eighteen years of age are barred.

Yours very truly,

DAN MORALES
Attorney General of Texas