Charles DECKARD, Appellant,

v.

CITY OF PORT LAVACA, Texas, Appellee.

No. 741.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 22, 1973.

Rehearing Denied March 15, 1973.

Cullen, Carsner, Edwards & Williams, Kemper Williams Jr., Victoria, for appellant.

Michael M. Fricke, Port Lavaca, for appellee.

## OPINION

YOUNG, Justice.

The City of Port Lavaca passed an ordinance designating certain areas of the city as commercial and residential and restricting on-premises sale and consumption of beer to the commercial area. Charles Deckard, appellant herein filed suit against the city to enjoin the operation of the ordinance as to his property, which was placed in the residential area. Trial was to a jury which answered the one question submitted: " . . . . that the City Council . . . . acted in an arbitrary and capricious manner in zoning the property located at 1819 George Street residential?" "Arbitrary and capricious" was defined as: " . . . . willful and unreasoning action taken without consideration and in disregard of the facts and circumstances of the case." Judgment non obstante veredicto was rendered. Deckard has perfected this appeal.

The sole question to be decided is whether there was evidence to support the jury's finding.

The caption of the ordinance in question states:

"AN ORDINANCE REGULATING THE RETAIL SELLING OF BEER FOR CONSUMPTION ON THE PREMISES WHERE SOLD, DEFINING COMMERCIAL AND RESIDENTIAL AREAS, PROVIDING FOR A PENALTY, PROVIDING FOR SEVERABILITY AND PROVIDING AN EFFECTIVE DATE.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF PORT LAVACA, TEXAS:

SECTION 1. That for the purposes of this ordinance, the following terms shall have the meaning set out therewith:

A. *Commercial:* The commercial area for the City of Port Lavaca, Texas,

for the purpose of this ordinance shall be within the area described below:"

There follows a metes and bounds description of the commercial area. Such area described does not include Deckard's property. The other provisions of the ordinance are:

"B. *Residential:* The residential area of the City of Port Lavaca, Texas, shall be the entire area contained inside the City Limits except that which is defined as commercial.

SECTION 2. The retail sale of beer for consumption on the premises where the same is sold is hereby prohibited in the residential section of Port Lavaca, Texas."

Section 3 of the ordinance provides that violation is a misdemeanor and that the ordinance shall be in force July 1, 1971. First reading of the ordinance was May 10, 1971; second reading was May 24, 1971; and it was passed and approved May 24, 1971.

The appellant complains of unreasonableness of the ordinance in that it discriminates against him by its classification. He urges that the J. D. Club and the Satellite Club are in areas similar to that of Robert's Barbeque. Robert's Barbeque, by being placed by the ordinance in a residential section, becomes a location where the right to sell beer on premises is precluded. The other two establishments, by being placed by the ordinance in a commercial section, remain locations where the right to sell beer on premises is retained.

Deckard, the appellant, purchased property known as Robert's Barbeque in June, 1971, after the ordinance in question had been passed. For nearly ten years prior to his purchase of the property, Robert's Barbeque had been a place where beer could be lawfully sold and consumed on premises. The passage of the ordinance made it unlawful thereafter to sell or consume beer thereon. It was stipulated by the parties

that the City of Port Lavaca is a Home Rule City located in Calhoun County, Texas.

The sole witness for the appellant was Deckard himself. He testified that Robert's Barbeque was the only on-premises beer establishment included in the new area designated as residential. Further, the J. D. Club and the Satellite Club were in areas in which both commercial and residential uses were in existence, as was the situation as to Deckard's property. The J. D. Club and the Satellite Club were left in the commercial area. Deckard's testimony in conjunction with photos he introduced indicated varying distances of living quarters from the J. D. Club, the Satellite Club and his property, Robert's Barbeque. For example: the J. D. Club is 170 feet from the nearest home; the Satellite Club abuts an apartment house to the rear; there is a home within 60 feet to the rear of Robert's Barbeque. Commercial establishments are near to each of these locations.

Deckard admitted that a Mr. Padron, the nearest resident to Robert's Barbeque, and some of his acquaintances petitioned (by way of protest) the City Council regarding this property.

The only witness for the city was its City Manager, Mr. Herman Ladewig, who testified regarding a bond issue passed prior to the subject ordinance. The import of his testimony was that as a result of the bond issue Western Heights Subdivision (in which Deckard's property was located) was to be improved with paved streets with curbs and gutters and adequate underground drainage.

We conclude that this testimony does not amount to any evidence to support a finding of arbitrary and capricious action by the City Council. In Eckert v. Jacobs, 142 S.W.2d 374 (Tex.Civ.App.—Austin 1940, no writ), these points were discussed as follows:

" . . . It is immaterial whether the area involved was wholly commercial or

partly residential and partly commercial. The proposed business of selling beer and wine on the premises was not one which Jacobs had the inherent right to engage in. It is a matter of common knowledge that the sale of intoxicants is accompanied with objections not common to other types of commercial enterprizes, and such facts constitute valid grounds for a separate classification or prohibition thereof in a given commercial area, for the protection of the health, morals, safety, peace and convenience of the public. . . ."

■ The allowing of the selling of beer or other intoxicating liquor is a privilege and not a property right. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949). All incorporated cities and towns are authorized to designate certain zones in their residential section or sections where the sale of beer may be prohibited. Art. 667–10½ Vernon's Tex.Pen.Code Ann., (1952).

■ The similarity or dissimilarity of different areas within a city (in regulating the places where intoxicants may be sold) is not controlling. In City of Brownsville v. Fernandez, 202 S.W. 112 (Tex.Civ.App. —San Antonio 1918, no writ), it was held:

"... The fact that the district created for saloons has more residences than business houses, and the fact that the limits without the district contain more business houses than residences, . . ."

\* \* \* \* \* \*

"... fails to prove it (the ordinance) unreasonable. . . ."

The appellant accepts the general principles concerning attacking a city ordinance. He cites and argues as relevant City of San Antonio v. Pigeonhole Parking of Texas, Inc., 158 Tex. 318, 311 S.W.2d 218 (1958), which states:

"The burden of showing that the ordinance is unnecessary, unreasonable and arbitrary is upon the respondent and unless that showing is clearly made, the action of the City Council is conclusive and cannot be revised by the courts. . . ."

Deckard bought the subject property after the passage of the ordinance complained of. There is no evidence of willful and unreasoning action against Deckard that can be attributed to the City.

The judgment of the trial court is affirmed.