OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



August 28, 2002

The Honorable Ken Armbrister
Chair, Committee on Criminal Justice
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0546

Re: Whether the son of a city council member of the City of Azle, Texas may be promoted to a higher position in the Azle Police Department (RQ-0520-JC)

Dear Senator Armbrister:

You have asked this office to consider the interaction of certain provisions of the charter of the City of Azle, Texas and chapter 573 of the Texas Government Code's nepotism provision. This office does not ordinarily construe charter provisions in the opinions process. *See* Tex. Att'y Gen. Op. Nos. JC-0035 (1999) at 2, JM-846 (1988) at 1; Tex. Att'y Gen. LO-94-008, at 2 n.1. However, in this case the question presented may be answered by reference to the provisions of section 573.062 of the Government Code as well as to prior opinions of this office interpreting that section.

As we understand the facts of the situation giving rise to this request, a lieutenant of the Azle Police Department who has been continuously employed in that position since 1997 was promoted by the Azle city manager to the position of chief of police in October 2001, some five months after his mother was elected to the Azle City Council.[1] Questions have arisen as to the propriety of this appointment given that section 11.03 of the charter provides:

> No person related within the second degree by affinity, or within the third degree by consanguinity to any elected officer of the City, or to the City Manager, shall be appointed to any office, position[,] or clerkship or other service of the City.

AZLE, TEX., CITY CHARTER § 11.03.[2]

---

[1]*See* Request Letter from Honorable Ken Armbrister, Chair, Committee on Criminal Justice, Texas State Senate, to Susan Denmon Gusky, Chair, Opinion Committee, Office of the Attorney General (Mar. 6, 2002) and attached Letter Brief from Omniah Z. Ebeid, Texas Municipal League, to Linda Arrington, Azle City Council (Feb. 7, 2002) (on file with Opinion Committee).

[2]*See id.*

The son of an elected officer is related to that officer in the first degree of consanguinity. *See* TEX. GOV'T CODE ANN. § 573.023 (Vernon 1994). Taken by itself, the plain language of section 11.03 would prohibit the appointment of the city council member's son to the position of police chief. Section 3.08 of the charter specifically forbids members of the council to direct appointments to office by the city manager. *See* AZLE, TEX., CITY CHARTER § 3.08 ("Neither the City Council nor any of its members shall direct the appointment of any person to office by the City Manager or by any of his subordinates.").[3] Accordingly, section 11.03, as a nepotism provision, is stricter than section 573.041 of the Texas Government Code, which forbids public officials themselves from making appointments within the prohibited degree. *See* TEX. GOV'T CODE ANN. § 573.041 (Vernon 1994).

In interpreting a similar municipal charter nepotism provision, the Attorney General determined in 1993 that a home-rule city's charter could contain nepotism provisions more rigorous than those of state law. *See* Tex. Att'y Gen. LO-93-30, at 1. Letter Opinion 93-30 interpreted language in the charter of the City of Freeport, Texas identical to that in section 11.03. In that opinion, we found that the charter provision, though stricter than was required by what was then article 5996a, section 1(a) of the Revised Civil Statutes and is now section 573.041 of the Government Code, nevertheless was not in conflict with that statute: "[W]e do not believe that the legislature intended to prevent a home-rule city from enacting a nepotism policy stricter than the state nepotism statute, provided that the home-rule city's policy is consistent with the policy against favoritism underlying the state nepotism law." Tex. Att'y Gen. LO-93-30, at 2.

However, the appointment in Letter Opinion 93-30 was of a person who did not have prior continuous service as a police officer in the city. *See id.* at 2 n.1. The question there was the hiring "as a police officer [of] a son of a veteran city council member." *Id.* at 1. The question here is the promotion of a veteran city police officer whose mother is a recently elected city council member.

Because of this difference, the "grandfather" or "continuous service" exception to the state nepotism law, which was not relevant in Letter Opinion 93-30, is of importance here. That provision is now section 573.062 of the Government Code and reads in relevant part:

> (a) A nepotism prohibition prescribed by Section 573.041 *or by a municipal charter* or ordinance does not apply to an appointment, confirmation of an appointment, or vote for an appointment or confirmation of an appointment of an individual to a position if:
>
> (1) the individual is employed in the position immediately before the election or appointment of the public official to whom the individual is related in a prohibited degree; and

---

[3]*See id.*

(2) that prior employment of the individual is continuous for at least:

. . . .

(B)   six months, if the public official is elected at an election other than the general election for state and county officers;

. . . .

(b) If, under Subsection (a), an individual continues in a position, the public official to whom the individual is related in a prohibited degree may not participate in any deliberation or voting on the appointment, reappointment, confirmation of the appointment or reappointment, employment, reemployment, *change in status*, compensation, or dismissal of the individual if that action applies only to the individual and is not taken regarding a bona fide class or category of employees.

TEX. GOV'T CODE ANN. § 573.062 (Vernon 1994) (emphasis added). *See* Tex. Att'y Gen. Op. No. JC-0193 (2000) at 3-4 (defining "change in status").

As this office interpreted the language of section 573.062(b) in Attorney General Opinion JC-0185:

An individual who has been continuously employed in [a] position for the requisite duration may not only retain his or her position but may be the subject of an action affecting the employment, such as a promotion or raise, if "the public official to whom the individual is related in a prohibited degree" does not participate in any discussion or vote regarding the individual's status, unless the decision concerns "a bona fide class or category of employees."

Tex. Att'y Gen. Op. No. JC-0185 (2000) at 3 (citing TEX. GOV'T CODE ANN. § 573.062(b) (Vernon 1994)). As we further explained the matter in Attorney General Opinion JC-0193, "a public official may not participate in any action affecting the employment of a relative within a prohibited degree that requires the official to make a subjective decision about the employee." Tex. Att'y Gen. Op. No. JC-0193 (2000) at 4.

In this instance the lieutenant who has been promoted to chief of police had been serving as a lieutenant for nearly four years continuously at the time of his mother's election to the city

council.[4]  Consequently, the strictures of section 11.03 of the Azle City Charter are inapplicable. *See* TEX. GOV'T CODE ANN. § 573.062 (Vernon 1994).

It has been suggested in a letter brief attached to the opinion request letter that section 573.062(b) does not preempt the Azle City Charter.[5]  However, the language of section 573.062 is clear and specific in providing that "a municipal charter or ordinance" provision such as section 11.03 "*does not apply*" in such a situation as this. TEX. GOV'T CODE ANN. § 573.062 (Vernon 1994) (emphasis added); *see Dallas Merchs. and Concessionaires v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993) (legislative preemption of area usually within powers of home-rule city requires "unmistakable clarity").

In accordance with the reasoning of Attorney General Opinion JC-0185, section 573.062(b) of the Government Code permits the lieutenant to be "the subject of an action affecting [his] employment, such as a promotion or raise," Tex. Att'y Gen. Op. No. JC-0185 (2000) at 3, so long as his mother does not participate in such an action when doing so would require her "to make a subjective decision about" him. Tex. Att'y Gen. Op. No. JC-0193 (2000) at 4. In this case, as we have noted above, section 3.08 of the Azle City Charter specifically forbade her participation in the decision to promote her son. Assuming that section 3.08 was not violated, the promotion of a lieutenant with four years of continuous service on the Azle Police Department to chief of that department is permissible under section 573.062 of the Government Code even though the lieutenant's mother is a member of the Azle City Council.

---

[4]*See id.*

[5]*See* Request Letter, *supra* note 1, and attached Letter Brief from Betsy Elam, Taylor, Olson, Adkins, Sralla, Elam, L.L.P., to Jerry Guillory, Azle City Manager (Nov. 7, 2001) (on file with Opinion Committee).

## S U M M A R Y

In accordance with section 573.062(b) of the Government Code, the promotion of a lieutenant on the Azle Police Department with four years of continuous service to chief of that department is permissible even though the lieutenant's mother has become a member of the Azle City Council, so long as she does not participate in any deliberation or voting on that promotion.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Jim Tourtelott
Assistant Attorney General, Opinion Committee