# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 30, 2011

The Honorable Mike Jackson
Chair, Committee on Economic Development
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0851

Re: Restrictions on a municipality's use of certain reserve funds originally generated from a hotel occupancy tax (RQ-0924-GA)

Dear Senator Jackson:

You request an opinion "regarding how the City of Galveston may use surplus funds received from the City's convention center operating agreement."[1] You tell us the City of Galveston ("City") has a development agreement with a third party under which the third party manages and operates the City's convention center. *See* Request Letter, *supra* note 1, at 1. You state that the City's hotel occupancy tax revenues, pledged to service the convention center debt, flow through a complicated arrangement set out by the development agreement and that some amount is "eventually placed in reserve funds with the excess deposited in a surplus fund." *Id.* You indicate that from this surplus fund half of the money is given to the third-party operator and the other half is given to the City. *See id.* You state that the "City would like to know if [its] portion of these surplus funds receives the same restrictions under state law placed on the hotel occupancy taxes or [whether] these funds [can] be used for spending on general city purposes[.]" *Id.*

As a home-rule city, the City[2] possesses "the full power of self government and look[s] to the Legislature not for grants of power, but only for limitations on [its] power." *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002) (orig. proceeding) (quoting *Dallas Merchs. & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993)). Home-rule cities have "all the powers of the state not inconsistent with the Constitution, the general laws, or the city's charter." *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) (quoting *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998)); *see* TEX. CONST. art. XI, § 5 (limiting a home-rule municipality's authority to the

---

[1]*See* Letter from Honorable Mike Jackson, Chair, Committee on Economic Development, Texas State Senate, to Honorable Greg Abbott, Attorney General of Texas at 1 (Oct. 18, 2010) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* CITY OF GALVESTON, TEX., CHARTER, art. I, § 4 (1996); *see also City of Galveston v. Hill*, 519 S.W.2d 103, 104 (Tex. 1975) (recognizing that the City of Galveston is a home-rule city).

extent that it is "inconsistent with the Constitution . . . or . . . general laws enacted by the Legislature of the State"). Thus, despite its home-rule authority, the City cannot act in a way that is inconsistent with Texas statutes.

Chapter 351, Tax Code, governs municipal hotel occupancy taxes. *See* TEX. TAX CODE ANN. §§ 351.001–.110 (West 2008 & Supp. 2010); *see also id.* § 302.102(b) (West 2008) ("A home-rule municipality may collect taxes that are authorized by the charter of the municipality or by law . . . ."). Section 351.002 authorizes municipalities to impose a tax on the use or possession of a hotel room. *See id.* § 351.002(a) (West 2008). Chapter 351 also contains express limitations on the use of revenues derived from the hotel occupancy tax. Section 351.101 provides that the revenue "may be used only to promote tourism and the convention and hotel industry, and that use is limited to" an exclusive list of specific convention center and hotel and tourism purposes. *Id.* § 351.101(a)(1)–(8)[3] (West Supp. 2010). Section 351.101 also provides that the revenue from the tax "shall be expended in a manner directly enhancing and promoting tourism and the convention and hotel industry as permitted in Subsection (a)." *Id.* § 351.101(b); *see also* Tex. Att'y Gen. Op. No. JM-965 (1988) at 2 (concluding that subsection (b) limits subsection (a) "by providing that when money is spent for one of the purposes listed in subsection (a), it should be done so in a manner that promotes tourism and the convention and hotel industry"). Section 351.101(b) further limits the expenditure of the hotel occupancy tax revenue by providing that it "may not be used for the general revenue purposes or general governmental operations of a municipality." TEX. TAX CODE ANN. § 351.101(b) (West Supp. 2010). The City's expenditure of this tax revenue for any purpose that does not satisfy the requirements in subsections 351.101(a) and 351.101(b)[4] is not authorized. *See* Tex. Att'y Gen. LO-92-16, at 3 (concluding the "[h]otel occupancy tax funds may only be expended in conformity with chapter 351"). In addition, an expenditure of these funds for general city purposes is entirely inconsistent with the express prohibition in section 351.101(b) against such use.

Moreover, nothing in chapter 351 indicates that an agreement between a municipality and a third-party operator may change the character of the funds from tax revenues to general funds. The statute protects the tax revenue character of the funds until they have been "expended." TEX. TAX CODE ANN. § 351.101(b) (West Supp. 2010). Subsection 351.101(c) provides that when a municipality contracts with a third party for the management and supervision of programs and activities funded by the tax, the third party "must maintain revenue provided from the tax . . . in a separate account established for that purpose and may not commingle that revenue with any other money." *Id.* § 351.101(c). In addition, subsection 351.101(d) requires the third party to maintain accurate records of each expenditure and identify how each expenditure satisfies the spending limitations imposed by statute. *See id.* § 351.101(d) (requiring maintenance of records); *see also id.*

---

[3]Section 351.101(a) contains three subsections with identical numbering. *See* Act of May 27, 2009, 81st Leg., R.S., ch. 1220, § 3(a), 2009 Tex. Gen. Laws 3901, 3902 (adding subsection (8)); Act of May 26, 2009, 81st Leg., R.S., ch. 1322, § 1, 2009 Tex. Gen. Laws 4162, 4163 (adding subsection (8)); Act of May 18, 2009, 81st Leg., R.S., ch. 402, § 1, 2009 Tex. Gen. Laws 982, 983 (adding subsection (8)).

[4]In asking specifically about the expenditure of these funds for general city purposes, you make no suggestion that the anticipated expenditures might also satisfy the requirements of subsections 351.101(a) and (b). We do not independently consider the question.

§ 351.108(b)–(c) (West 2008) (requiring that before expending these tax revenue funds the spending entity must identify in a list each activity, program, or event that satisfies the spending limitations in subsections 351.101(a) and (b)). Subsection 351.108(f) authorizes a municipality to set aside revenue in a designated reserve fund, but limits the use of any such reserve funds to "supporting planned activities, future events, and facility improvements that are directly enhancing and promoting tourism and the convention and hotel industry." *Id.* § 351.108(f). These statutory provisions limiting the expenditure of the tax revenue, in the hands of third-party operators and when set aside for reserves, do not reveal any legislative intent to allow an agreement to alter the character of the tax revenues. *Cf. Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (noting that a court's primary objective in construing statutes is to give effect to the Legislature's intent). We believe that these surplus tax funds in the hands of the City retain the restrictions imposed by chapter 351.

For these reasons, we conclude that the surplus funds the City receives pursuant to the development agreement may not be used for general City purposes.[5]

---

[5]Although chapter 351 provides the general authority to impose a hotel occupancy tax, you do not tell us whether the City has adopted such a tax under chapter 351 or under Local Government Code, chapter 334, or both. *See generally* Request Letter, *supra* note 1. Like section 351.101, chapter 334 of the Local Government Code also places limits on a city's use of hotel occupancy tax revenue. *See* TEX. LOC. GOV'T CODE ANN. § 334.042(b)(1) (West Supp. 2010) (requiring the proceeds of tax imposed under chapter 334 to be deposited into venue project fund); *see also id.* § 334.042(d) (limiting expenditure of funds to aspect of venue project). Thus, the fact that the surplus tax revenue may include revenue from the tax authorized in chapter 334 does not change our conclusion.

## S U M M A R Y

Hotel occupancy tax revenues collected under chapter 351, Tax Code, must be expended only as authorized by the chapter. Chapter 351 prohibits hotel occupancy tax revenues, including any surplus funds, from being expended for general city purposes.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee