ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 30, 2012

The Honorable Sid Miller
Chair, Committee on Homeland Security
   and Public Safety
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0942

Re: Authority of a Type A general-law municipality with a population of less than 900,000 to enact an ordinance setting either a 300-foot "Alcohol-Free School Zone" or a 1,000-foot zone around a school in which the sale of alcoholic beverages for off-premises consumption would be prohibited (RQ-1028-GA)

Dear Representative Miller:

You ask about the authority of a Type A general-law municipality to enact an ordinance setting either a 300-foot "Alcohol-Free School Zone" or a 1,000-foot zone around a school in which the sale of alcoholic beverages for off-premises consumption would be prohibited.[1] We understand that your question concerns a public school located in a general-law municipality with a population of less than 900,000. *See* Attachment to Request Letter.

General-law municipalities are political subdivisions created by the State and, as such, possess only those powers that the State expressly confers upon them. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 645 (Tex. 2004). Moreover, a municipality does not have the authority to regulate the sale of alcoholic beverages except as permitted by the Alcoholic Beverage Code. *See* TEX. ALCO. BEV. CODE ANN. § 109.57(a)–(b) (West Supp. 2011) (stating that the Legislature intends that the Alcoholic Beverage Code "shall exclusively govern the regulation of alcoholic beverages in this state"); *see also Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490 (Tex. 1993) (holding that "[s]ection 109.57 clearly preempts an ordinance of a . . . city that regulates where alcoholic beverages are sold under most circumstances").

For example, in section 109.33(a) of the Alcoholic Beverage Code, the Legislature granted municipalities the authority to regulate the sale of alcoholic beverages under the following circumstances:

---

[1]Letter from Honorable Sid Miller, Chair, Comm. on Homeland Security & Pub. Safety, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 13, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter" and "Attachment").

the governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within:

> (1)  300 feet of a church, public or private school, or public hospital;
>
> (2)  1,000 feet of a public school, if the commissioners court or the governing body receives a request from the board of trustees of a school district under Section 38.007, Education Code; or
>
> (3)  1,000 feet of a private school if the commissioners court or the governing body receives a request from the governing body of the private school.

TEX. ALCO. BEV. CODE ANN. § 109.33(a) (West 2007). Thus, subsection (a)(1) generally authorizes a municipal governing body to enact regulations prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a public school. *Id.* § 109.33(a)(1).[2] Further, under subsection (a)(2), a municipal governing body is generally authorized to prohibit such sales within 1,000 feet of a public school, provided it "receives a request from the board of trustees of a school district under Section 38.007, Education Code." *Id.* § 109.33(a)(2).

Section 38.007 of the Education Code is entitled "Alcohol-Free School Zones." TEX. EDUC. CODE ANN. § 38.007 (West 2006). It provides in part:

> The board of trustees of a school district shall attempt to provide a safe alcohol-free environment to students coming to or going from school. The board of trustees may cooperate with local law enforcement officials and the Texas Alcoholic Beverage Commission in attempting to provide this environment and in enforcing Sections

---

[2]Correspondence attached to your request letter inquires about the applicability of an ordinance establishing a 300-foot zone under section 109.33(a) to certain preexisting "stores." *See* Attachment to Request Letter. While we are not in possession of any specific details about the stores, we note the potential applicability of section 109.59(a) of the Texas Alcoholic Beverage Code, which provides:

> If at the time an original alcoholic beverage permit or license is granted for a premises the premises satisfies the requirements regarding distance from schools, churches, and other types of premises established in this code and any other law or ordinance of the state or a political subdivision of the state in effect at that time, the premises shall be deemed to satisfy the distance requirements for all subsequent renewals of the license or permit.

TEX. ALCO. BEV. CODE ANN. § 109.59(a) (West 2007).

> 101.75, 109.33, and 109.59, Alcoholic Beverage Code. Additionally, the board, *if a majority of the area of a district is located in a municipality with a population of 900,000 or more*, may petition the commissioners court of the county in which the district is located or the governing board of an incorporated city or town in which the district is located to adopt a 1,000-foot zone under Section 109.33, Alcoholic Beverage Code.

*Id.* § 38.007(b) (emphasis added).[3] Section 38.007(b) of the Education Code thus grants the authority to petition the municipal governing board to adopt a 1,000-foot alcohol-free zone only to a board in a district located in a municipality with a population 900,000 or more. *Id.* The Legislature has not authorized a school board of a district in a municipality of less than 900,000 persons to petition for an ordinance that prohibits the sale of alcoholic beverages by a dealer whose place of business is within 1,000 feet of a public school. The governing board of a municipality lacks authority under section 109.33 of the Alcoholic Beverage Code to enact an ordinance prohibiting sales of alcohol within 1,000 feet of a public school unless it receives a petition to enact such an ordinance from a school district that is principally located in a municipality of 900,000 persons or more.

---

[3]One of the referenced statutes, section 101.75 of the Alcoholic Beverage Code, makes it a criminal offense to possess an open container or consume "an alcoholic beverage on a public street, public alley, or public sidewalk within 1,000 feet of . . . a public or private school." TEX. ALCO. BEV. CODE ANN. § 101.75(a) (West 2007); *see also* TEX. EDUC. CODE ANN. § 38.007(b) (West 2006).

## S U M M A R Y

The governing body of Type A general-law municipality is generally authorized to enact an ordinance prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a public school.  The Legislature has not authorized a municipality to enact an ordinance prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 1,000 feet of a public school unless the municipality receives a petition to enact such an ordinance from a school district that is principally located in a municipality of 900,000 persons or more.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee