# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 29, 2014

The Honorable Dan Flynn
Chair, Select Committee on Transparency in
    State Agency Operations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Opinion No. GA-1078

Re: Whether section 361.0961 of the Texas Health and Safety Code prohibits municipalities from adopting ordinances that ban plastic bags (RQ-1189-GA)

Dear Representative Flynn:

You ask whether section 361.0961 of the Health and Safety Code prohibits municipalities from "enact[ing] bans on plastic bags and adopt[ing] fees on replacement bags."[1] You point to nine Texas cities that have adopted such ordinances in recent years and question whether the ordinances are legal in light of section 361.0961. Request Letter at 1. Each of the nine ordinances differ to some extent in the specific requirements and prohibitions they impose and the types of businesses to which they apply.[2] Questions regarding construction of specific city ordinances are outside the purview of an attorney general opinion. Tex. Att'y Gen. Op. No. GA-0648 (2008) at 6–7. This office will, however, address the legal question of whether a certain type of ordinance conflicts with state law. Tex. Att'y Gen. Op. No. GA-0433 (2006) at 1. All the ordinances you cite prohibit businesses from providing single-use plastic bags to customers. Thus, while this opinion should not be read to construe the specific terms of a particular municipal ordinance, we can advise you about the general question whether state law prohibits a municipality from prohibiting businesses from providing single-use plastic bags to customers.

The cities that have adopted these ordinances include both home-rule and general-law cities. Neither a home-rule city nor a general-law city may adopt an ordinance that is inconsistent with the Texas Constitution or Texas statutes. TEX. CONST. art XI, § 5; see TEX. LOC. GOV'T CODE ANN. §§ 51.012, .032 (West 2008) (authorizing general-law cities to adopt ordinances not

---

[1]Letter from Hon. Dan Flynn, House Select Comm. on Transparency in State Agency Operations, to Hon. Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 27, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]See AUSTIN, TEX., ORDINANCES tit. 15, ch. 15-6, art. 7 (2012); BROWNSVILLE, TEX., ORDINANCES pt. II, subpt. A, ch. 46, art., II, §§ 46-47–46-51 (Sept. 20, 2010); FORT STOCKTON, TEX., ORDINANCES art. 1, §§ 12-8–12-11 (Aug. 23, 2011); FREER, TEX., ORDINANCES 2012-05, §§ 1–3 (Dec. 10, 2012); KERMIT, TEX., ORDINANCES 13-05, §§ 98-01–98.10 (2013); LAGUNA VISTA, TEX., ORDINANCES 2012-23 (Sept. 11, 2012); LAREDO, TEX., ORDINANCES pt. II, ch. 33, art. VIII, §§ 33-501–33-507 (Aug. 19, 2013); SO. PADRE ISLAND, TEX., ORDINANCES 10-38, §§12-30–12-30.3 (Jan. 19, 2011); SUNSET VALLEY, TEX., ORDINANCES §§ 93.60–93.63 (Feb. 19, 2013).

inconsistent with state law). "'[A] general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached.'" *Dallas Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993) (citation omitted).

The statute about which you ask is found in chapter 361 of the Health and Safety Code, which is titled the "Solid Waste Disposal Act" ("the Act"). TEX. HEALTH & SAFETY CODE ANN. § 361.001 (West 2010). Section 361.0961 of the Act states, in relevant part:

> A local government or other political subdivision may not adopt an ordinance, rule, or regulation to:
>
> (1) prohibit or restrict, for solid waste management purposes, the sale or use of a container or package in a manner not authorized by state law; [or]
>
> . . .
>
> (3) assess a fee or deposit on the sale or use of a container or package.

*Id.* § 361.0961(a)(1), (3). Answering your question requires analyzing whether a single-use plastic bag is a "container or package" within the meaning of section 361.0961, and if so, whether the municipal ordinances prohibit single-use plastic bags for "solid waste management purposes."

The Act does not define "container or package."[3] Undefined terms in a statute are given their ordinary meaning unless a different or more precise definition is apparent from the term's use in the statute's context. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). The common understanding of the word "container" is a "receptacle for holding goods." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 269 (11th ed. 2003). Also relevant to the question is the common understanding of "bag," which is a "flexible *container* that may be closed for holding, storing, or carrying something." *Id.* at 91 (emphasis added). Based on the common understanding of these terms, a court is likely to conclude that a single-use plastic bag is a container within the meaning of section 361.0961.

Briefing submitted to this office argues that the phrase "container or package" as used in section 361.0961 is limited to only those containers or packages that are intended to store solid

---

[3]The terms "container" and "package" are defined in unrelated contexts in other statutes, and some expressly include a "bag" or "plastic bags" in the definition, while others do not. *See, e.g.*, TEX. AGRIC. CODE ANN. § 141.001(5) (West 2004) (defining "container" to include, among other things, a bag or package in which commercial feed is packed); TEX. HEALTH & SAFETY CODE ANN. § 431.002(27) (West 2010) (defining "package" as "any container or wrapping in which a consumer commodity is enclosed . . . ."). While definitions of words from unrelated statutes may sometimes be informative, these incongruities provide little guidance with regard to how the terms should be construed in chapter 361.

waste.[4]    While the Legislature limited the application of the statute to ordinances, rules, or regulations adopted for solid waste management purposes, the plain language of section 361.0961 does not limit the types of containers or packages to which it applies.  Furthermore, during the Legislature's debate on section 361.0961, the bill's sponsor explained that the bill was intended to prohibit municipalities from adopting rules about Styrofoam containers, suggesting that the language could apply to containers beyond those used to store solid waste.  Debate on Tex. S.B. 963 on the Floor of the Senate, 73d Leg., R.S. (May 24, 1993) (digital recording available from Texas State Archives Comm'n); *see also* House Research Org., Bill Analysis, Tex. S.B. 963, 73d Leg., R.S. (1993) at 5 (explaining that opponents argue the bill would "prohibit a city from banning wasteful packaging or Styrofoam cups or imposing a bottle return fee").  While legislative history is often unreliable and is not determinative of our interpretation of section 361.0961, these relatively clear statements of legislative intent provide added support for the text-based construction of section 361.0961 adopted here.  Construing the scope of "container" narrowly as suggested by some briefers would both depart from the statute's plain text and ignore the available legislative history.

Because a single-use plastic bag is likely a container under section 361.0961, it is necessary to analyze the purposes for which the municipal ordinances prohibit single-use plastic bags.  In order for an ordinance to be prohibited by section 361.0961, the city must have adopted it "for solid waste management purposes."  TEX. HEALTH & SAFETY CODE ANN. § 361.0961(a)(1) (West 2010).  "[S]olid waste" is defined in chapter 361 to include, among other items, "rubbish, [or] refuse."  *Id.* § 361.003(35).  "Rubbish" is in turn defined as "nonputrescible solid waste . . . that consists of," among other items, "plastics."  *Id.* § 361.003(31).  "Management" is defined as "the systematic control of the activities of generation, source separation, collection, handling, storage, transportation, processing, treatment, recovery, or disposal of solid waste."  *Id.* § 361.003(18).  It is conceivable that a city adopting an ordinance that prohibited single-use plastic bags would do so to control the generation of solid waste, which single-use plastic bags will most likely become.  Other purposes may also exist for such an ordinance, however.  For example, two of the ordinances you inquire about state that their purpose is the protection of animal life.  *See* FREER, TEX., ORDINANCES 2012–05 (Dec. 10, 2012) ("there is a strong possibility that plastic bags . . . can end up in the ranch land, . . . and create . . . potential hazard to wildlife"); LAGUNA VISTA, TEX., ORDINANCES 2012–23 (Sept. 11, 2012) ("there is a strong possibility that plastic bags . . . create . . . potential hazard to marine life").

Determining whether a city adopted an ordinance for solid waste management purposes will require a factual inquiry into the intent of the governmental body.  Such factual inquiries are beyond the scope of an attorney general opinion. Tex. Att'y Gen. Op. No. GA-0090 (2003) at 5 (determining intent is beyond the scope of an attorney general opinion).  Thus, we cannot determine whether any specific ordinance is prohibited by section 361.0961 but can advise only

---

[4]*See* Brief from Karen Kennard, City Attorney, City of Austin at 4 (Mar. 26, 2014); Brief from H. Abell, et. al. at 2 (Mar. 26, 2014) (briefs on file with Op. Comm.).

that section 361.0961 would likely prohibit a city ordinance adopted for solid waste management purposes that prohibited single-use plastic bags.

You also ask about the legality of a municipal ordinance that assesses "fees on replacement bags" under section 361.0961. Request Letter at 1. The plain language of subsection 361.0961(a)(3) prohibits a political subdivision from adopting an ordinance that "assess[es] a fee or deposit on the sale or use of a container or package." TEX. HEALTH & SAFETY CODE ANN. § 361.0961(a)(3) (West 2010). Unlike the language in subsection 361.0961(a)(1), the prohibition on fees or deposits is not limited to instances when the assessment is for solid waste management purposes. Because a court is likely to conclude that a bag is a container in the context of section 361.0961, a court would also likely conclude that a city is prohibited from assessing a fee on the sale or use of a replacement bag.[5]

---

[5]Section 361.0961 applies only to "a local government or other political subdivision" and therefore does not impact the authority of a private business to, at its own choosing, charge a fee for the sale of a replacement bag. TEX. HEALTH & SAFETY CODE ANN. § 361.0961(a) (West 2010).

## S U M M A R Y

A court would likely conclude that a city ordinance prohibiting or restricting single-use plastic bags is prohibited by subsection 361.0961(a)(1) of the Health and Safety Code if the city adopted the ordinance for solid waste management purposes. Whether a specific city's single-use plastic bag ordinance was adopted for such purposes will require a factual inquiry that is beyond the scope of an attorney general opinion.

A court would likely conclude that section 361.0961(a)(3) prohibits a city from adopting an ordinance that assesses a fee on the sale or use of a single-use plastic bag.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee