ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 12, 2003

The Honorable Fred Hill
Chair, Committee on Local
   Government Ways and Means
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0120

Re: Whether a city council of a home-rule city may delegate to a municipal board the authority to grant a variance under section 109.33 of the Texas Alcoholic Beverage Code (RQ-0067-GA)

Dear Representative Hill:

You ask whether a city council of a home-rule city may delegate to a municipal board the authority to grant a variance under section 109.33(e) of the Texas Alcoholic Beverage Code.[1] TEX. ALCO. BEV. CODE ANN. § 109.33 (Vernon Supp. 2003).

Section 109.33 of the Alcoholic Beverage Code provides, in relevant part:

> (a) The commissioners court of a county may enact regulations applicable in areas in the county outside an incorporated city or town, and the governing board of an incorporated city or town may enact regulations applicable in the city or town, prohibiting the sale of alcoholic beverages by a dealer whose place of business is within:
>
> (1) 300 feet of a church, public or private school, or public hospital;
>
> (2) 1,000 feet of a public school, if the commissioners court or the governing body receives a request from the board of trustees of a school district under Section 38.007, Education Code; or
>
> (3) 1,000 feet of a private school if the commissioners court or the governing body receives

---

[1]Letter from Honorable Fred Hill, Chair, House Committee on Local Government Ways & Means, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (June 16, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

> a request from the governing body of the private school.
>
> . . . .
>
> (e) The commissioners court of a county or *the governing board of a city or town* that has enacted a regulation under Subsection (a) of this section may also allow variances to the regulation if the commissioners court or *governing body* determines that enforcement of the regulation in a particular instance is not in the best interest of the public, constitutes waste or inefficient use of land or other resources, creates an undue hardship on an applicant for a license or permit, does not serve its intended purpose, is not effective or necessary, or for any other reason the court or governing board, after consideration of the health, safety, and welfare of the public and the equities of the situation, determines is in the best interest of the community.

*Id.* § 109.33(a), (e) (Vernon Supp. 2004) (emphasis added). You ask whether a home-rule city may delegate the city council's authority to grant variances under subsection (e) to a city board. Request Letter, *supra* note 1. On its face, section 109.33(e) does not permit a "governing board of a city or town" to delegate its authority to grant variances. On the other hand, a home-rule city is authorized to adopt any ordinance whose enactment is not expressly forbidden by statute, and the delegation of the authority to grant variances is not expressly forbidden by statute.

"A home rule city derives its power not from the Legislature but from Article XI, Section 5 of the Texas Constitution . . . . [I]t is necessary to look to the acts of the legislature not for grants of power to such cities but only for limitations on their powers." *Proctor v. Andrews*, 972 S.W.2d 729, 732 (Tex. 1998) (citing *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975)). "While a home rule city thus has all the powers of the state not inconsistent with the Constitution, the general laws, or the city's charter . . . these broad powers may be limited by statute when the Legislature's intention to do so appears 'with unmistakable clarity.'" *Proctor*, 972 S.W.2d at 732; *see also Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490-91 (Tex. 1993); *City of Sweetwater v. Geron*, 380 S.W.2d 550, 552 (Tex. 1964).

The legislature has narrowly circumscribed a home-rule city's authority to regulate alcoholic beverages. Section 109.57 of the Alcoholic Beverage Code provides, in subsection (b): "It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state . . . ." TEX. ALCO. BEV. CODE ANN. § 109.57(b) (Vernon Supp. 2004). In *Dallas Merchant's*, the Texas Supreme Court held that the Alcoholic Beverage Code preempted a City of Dallas ordinance that prohibited the sale of alcoholic beverages within 300 feet of a residential area. *Dallas Merchant's*, 852 S.W.2d 489. The court reviewed the history of the 1987 adoption of section 109.57 and observed that "[t]he Legislature's intent is clearly expressed in section 109.57(b) of the [Alcoholic Beverage Code] – the regulation of alcoholic beverages is exclusively governed by the provisions of the [Code] unless otherwise provided." *Id.* at 491-92.

In the situation you pose, the legislature has provided, in section 109.33(e), that the "governing body" of a municipality is authorized to grant variances in the regulation of alcoholic beverages. TEX. ALCO. BEV. CODE ANN. § 109.33 (Vernon Supp. 2004). Delegation of this power to a board that is subordinate to the city's governing body would clearly conflict with the statutory directive that vests this responsiblity with the governing body itself. Because, under the terms of section 109.57(b), the Alcoholic Beverage Code "exclusively govern[s] the regulation of alcoholic beverages," and because exercise of the authority to grant variances clearly constitutes "the regulation of alcoholic beverages," we conclude that a home-rule city may not delegate to a municipal board the authority to grant variances under section 109.33(e) of the Texas Alcoholic Beverage Code.

## S U M M A R Y

A home-rule city may not delegate to a municipal board the authority to grant variances in the regulation of alcoholic beverages under section 109.33(e) of the Texas Alcoholic Beverage Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee