

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 4, 2004

The Honorable Stephen E. Ogden
Chair, Senate Finance Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0269

Re: Whether home-rule city charter provisions governing the frequency of elections apply to elections implementing a tax freeze under article VIII, § 1-b(h) of the Texas Constitution (RQ-0242-GA)

Dear Senator Ogden:

You ask whether home-rule city charter provisions governing the frequency of elections apply to elections implementing a tax freeze under article VIII, section 1-b(h) of the Texas Constitution.[1] *See* TEX. CONST. art. VIII, § 1-b(h).

Article VIII, section 1-b(h) (the "amendment"), adopted in 2003, authorizes "a county, a city or town, or a junior college district," to limit increases of the total amount of ad valorem taxes imposed on the homesteads of persons with disabilities or persons sixty-five years of age or older. *Id.* Such action is commonly referred to as a tax freeze. The enumerated entities may adopt a tax freeze either by official action of its governing body or by an election called by the governing body upon receipt of a proper voter petition. *Id.*; *see generally* Tex. Att'y Gen. Op. No. GA-0222 (2004).[2]

The City of Georgetown (the "City") is incorporated as a home-rule municipality. GEORGETOWN, TEX., CODE OF ORDINANCES, HOME RULE CHARTER, art. I, §§ 1.01-.02 (2004).[3] *See* Request Letter, *supra* note 1 (attachment). Its charter recites that the "people of the City reserve the power of direct legislation by initiative, and in the exercise of such power may propose any ordinance . . . not in conflict with this Charter, the State Constitution, or the State laws."

---

[1]Letter from Honorable Stephen E. Ogden, Chair, Senate Finance Committee, Texas State Senate, to Honorable Greg Abbott, Texas Attorney General (May 17, 2004) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

[2]In Attorney General Opinion GA-0222, this office addressed other issues concerning article VIII, section 1-b(h) of the Texas Constitution, concluding that (1) the provision authorizes a governing body of a home-rule municipality to call an election to adopt a tax freeze without a voter's petition; (2) once adopted by a home-rule municipality, the tax freeze may not be repealed by an election called pursuant to a petition of the city's voters; and (3) implementation of the constitutional provision does not permit use of a year prior to implementation as the base tax year. Tex. Att'y Gen. Op. No. GA-0222 (2004) at 5.

[3]*Available at* http://www.georgetown.org/citygovernment/codeofordinances.php.

GEORGETOWN, TEX., CODE OF ORDINANCES, HOME RULE CHARTER, art. IV, § 4.01 (2004). Under the charter, when the city council receives a petition for an ordinance signed by the requisite number of voters and certified by the city secretary, the council must either (1) pass the voter-initiated ordinance without amendment within thirty days after receipt, or (2) submit the "initiated ordinance without amendments to a vote of the qualified voters of the City at a regular or special election to be held on the next uniform election date in order to comply with State election laws." *Id.* art. IV, § 4.05. Article IV, section 4.05 of the charter states that special elections to consider voter-initiated ordinances "shall not be held more frequently than once each six (6) months." *Id.* Additionally, the section provides that "no ordinance on the same subject as an initiated ordinance which has been defeated . . . may be initiated by the voters within two (2) years from the date of such election." *Id.*

You wish to know whether article IV, section 4.05 of the City's charter, which limits the frequency of elections on voter-initiated ordinances, applies to elections pursuant to voter petitions under article VIII, section 1-b(h) of the Texas Constitution. Request Letter, *supra* note 1, at 1. For example, if the City holds an election on a voter petition to adopt the tax freeze, but the measure is defeated, you ask whether the City must refuse to call an election on subsequent voter petitions for a tax freeze for two years. *Id.* You also ask if the city charter provision that special elections on voter-initiated ordinances may not be held more frequently than once every six months applies to voter petitions for the adoption of the tax freeze under the amendment. *Id.*

Subsequent to your request, the City held an election on whether to adopt the tax freeze and, according to unofficial election results, the proposal passed.[4] The tax limitation adopted under the amendment cannot be repealed by the governing body or by another petition election. *See* TEX. CONST. art. VIII, § 1-b(h); Tex. Att'y Gen. Op. No. GA-0222 (2004) at 3. Consequently, it appears that the City will not have occasion to consider new voter petitions for a tax freeze, and for the City the issue is largely moot. Nevertheless, we will address your questions, bearing in mind that there may be other home-rule municipalities with similar ordinances.

The Texas Constitution authorizes a home-rule city to be governed generally by ordinances adopted pursuant to its municipal charter. TEX. CONST. art. XI, § 5; *Wilson v. Andrews*, 10 S.W.3d 663, 666 (Tex. 1999). A home-rule city's charter may expressly or implicitly limit the voters' initiative power. *See Quick v. City of Austin*, 7 S.W.3d 109, 124 (Tex. 1998). *See also* Tex. Att'y Gen. Op. No. GA-0222 (2004) at 3 (citing *Glass v. Smith*, 244 S.W.2d 645, 649 (Tex. 1951)). Moreover, a home-rule city's charter is presumed to be valid, and courts will not interfere unless such a provision "is unreasonable or arbitrary, amounting to a clear abuse of municipal discretion." *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002) (concerning election application deadline established by municipal ordinance).

Under the Texas Constitution, "no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted

---

[4]*See* GEORGETOWN, TEX., ELECTIONS OVERVIEW, *at* http://www.georgetown.org/citygovernment/elections/ (reporting the unofficial vote as 4,747 (76.7%) for, and 1,442 (23.3%) against) (last visited Sept. 24, 2004); *see also* Jennifer Barrios, *Tax Cap, Liquor Changes Approved; Packed Polls in Sun City Seen as Crucial to Results*, AUSTIN AMERICAN-STATESMAN, Sept. 12, 2004, at A1.

by the Legislature of this State." TEX. CONST. art. XI, § 5. A home-rule city charter provision "is unenforceable to the extent it conflicts with [a] state statute." *See Sanchez,* 81 S.W.3d at 796. However, "courts will not hold a state law and a city charter provision repugnant to each other if they can reach a reasonable construction leaving both in effect."[5]  *Id.* Consequently, we consider pertinent provisions of the constitution and the statutes for potential sources of conflict with the City's charter.

Article VIII, section 1-b(h) provides that upon receipt of a proper voter petition, the governing body of a municipality shall order an election concerning adoption of the tax freeze. TEX. CONST. art. VIII, § 1-b(h).[6] The provision does not address the timing of such elections, and is also silent about calling an election on a tax freeze proposition that has previously been submitted for an election and defeated. *Id.* Section 11.261 of the Tax Code provides generally for implementing a

---

[5]*Compare* Tex. Att'y Gen. Op. No. GA-0025 (2003) (determining that statutory runoff requirements and a municipal instant-runoff provision irreconcilably conflict), *with* Op. Tex. Sec'y State No. JH-1 (1991) at 2 (home-rule city may require, by charter or ordinance pursuant to charter, that write-in candidates file a declaration of write-in candidacy, because "[h]ome rule cities are given broad authority under article XI, section 5, of the Texas Constitution to adopt a charter and enact ordinances pursuant to that charter. The only limitation under the constitution is that the charter or ordinances be consistent with the constitution or the general laws of the state.").

[6]Article VIII, section 1-b(h) provides:

> The governing body of a county, a city or town, or a junior college district by official action may provide that if a person who is disabled or is sixty-five (65) years of age or older receives a residence homestead exemption prescribed or authorized by this section, the total amount of ad valorem taxes imposed on that homestead by the county, the city or town, or the junior college district may not be increased while it remains the residence homestead of that person or that person's spouse who is disabled or sixty-five (65) years of age or older and receives a residence homestead exemption on the homestead. As an alternative, on receipt of a petition signed by five percent (5%) of the registered voters of the county, the city or town, or the junior college district, the governing body of the county, the city or town, or the junior college district shall call an election to determine by majority vote whether to establish a tax limitation provided by this subsection. If a county, a city or town, or a junior college district establishes a tax limitation provided by this subsection and a disabled person or a person sixty-five (65) years of age or older dies in a year in which the person received a residence homestead exemption, the total amount of ad valorem taxes imposed on the homestead by the county, the city or town, or the junior college district may not be increased while it remains the residence homestead of that person's surviving spouse if the spouse is fifty-five (55) years of age or older at the time of the person's death, subject to any exceptions provided by general law. The legislature, by general law, may provide for the transfer of all or a proportionate amount of a tax limitation provided by this subsection for a person who qualifies for the limitation and establishes a different residence homestead within the same county, within the same city or town, or within the same junior college district. A county, a city or town, or a junior college district that establishes a tax limitation under this subsection must comply with a law providing for the transfer of the limitation, even if the legislature enacts the law subsequent to the county's, the city's or town's, or the junior college district's establishment of the limitation. Taxes otherwise limited by a county, a city or town, or a junior college district under this subsection may be increased to the extent the value of the homestead is increased by improvements other than repairs and other than improvements made to comply with governmental requirements and except as may be consistent with the transfer of a tax limitation under a law authorized by this subsection. The governing body of a county, a city or town, or a junior college district may not repeal or rescind a tax limitation established under this subsection.

TEX. CONST. art. VIII, § 1-b(h).

tax limitation that has been adopted under the amendment. TEX. TAX CODE ANN. § 11.261 (Vernon Supp. 2004-05). It is likewise silent about the timing for calling an election. *Compare with id.* §§ 6.26(e) (Vernon 2003) (providing for an election on whether to consolidate tax assessing and collecting functions within certain period following a voter petition); 26.08(b) (providing for a rollback election on tax rates within certain period following a voter petition); 26.085(d) (providing for an election on dedication of funds to a college district within a certain period following a voter petition).

Concerning the timing of elections, the Election Code specifies four dates in the year as uniform election dates for general and special elections. TEX. ELEC. CODE ANN. § 41.001 (Vernon Supp. 2004-05). Section 41.0041(a) provides that when a "law outside this code other than the constitution prohibits another election from being held on the same or a similar measure for a specified number of years after an election on a measure," the election must be held on the corresponding uniform election date even if it "falls a number of days short of the requisite period." *Id.* § 41.0041(a) (Vernon 2003). That section anticipates the existence of limitations such as the City charter's two-year limitation on voter initiative elections, although the statute may shorten the required period. *Id.* Under particular circumstances, other provisions in the Election Code may limit application of a particular city charter's election provisions to the extent of any conflict. *See, e.g., id.* § 3.005 (Vernon Supp. 2004-05) (providing that elections ordered by political subdivisions "shall be ordered not later than the 62nd day before election day"). But concerning the frequency of voter initiative elections, the Election Code is silent.

In sum, we have located no state law that would expressly conflict with charter provisions such as the City's that limit special elections to once in six months, or limit calling an election on a measure for two years after a similar measure has been defeated. The legislature has not preempted the subject matter, because, "if the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity." *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993). Provisions limiting special elections on initiated ordinances to once every six months, and prohibiting elections on defeated measures for two years, aimed at mitigating voter fatigue and the expense of calling additional elections, would likely be determined to be reasonable. We believe a court would likely conclude that charter provisions similar to the City's are not unreasonable or arbitrary, and applicable to petitions to adopt the tax limitation under the amendment.

## S U M M A R Y

Home-rule municipality charter provisions limiting special elections on voter-initiated ordinances to once every six months and prohibiting an election on an initiated ordinance for two years after an ordinance on the same subject has been defeated may apply to an election called pursuant to a voter petition under article VIII, section 1-b(h) of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee