United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50655

DIANA MINELLA,

Plaintiff-Appellant,

versus

CITY OF SAN ANTONIO TEXAS, A Municipal Corporation; EDWARD GARZA, Mayor of City of San Antonio, in his official capacity; BOBBY PEREZ, City Council Member, in his official capacity; ANTONIETTE MOORHOUSE, City Council Member, in her official capacity; ENRIQUE MARTIN, City Council Member, in his official capacity; DAVID A. GARCIA, City Council Member, in his official capacity; ENRIQUE M. BARRERA, City Council Member, in his official capacity; JULIAN CASTRO, City Council Member, in his official capacity; BONNIE CONNER, City Council Member, in his official capacity; CARROLL SCHUBERT, City Council Member, in his official capacity; DAVID CARPENTER, City Council Member, in his official capacity; TERRY BRECHTEL, City Manager, in her official and individual capacities; ANDREW MARTIN, City Attorney, in his official and individual capacities; MUNICIPAL CIVIL SERVICE COMMISSION; GILBERTO V. TOBIAS, Municipal Civil Service Commission Chairman, in his official capacity; JURETTA MARSHALL, Municipal Civil Service Commission Member, in her official capacity,

Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
5:03-CV-246
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[1]

Plaintiff Diana Minella appeals the dismissal on summary

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of her suit against the City of San Antonio and numerous city officials alleging due process violations in relation to her dismissal without benefit of civil service review. Because we find that Proposition 3, which removed Minella's job from civil service protection, was made effective by the San Antonio City Council prior to her dismissal, we affirm.

## I.

Plaintiff Diana Minella was employed by the City of San Antonio as an Assistant City Attorney I, a classified civil service position, in June 2001. In August 2001, Minella was notified that the City Council intended to propose a charter amendment, Proposition 3, removing civil service coverage from her job classification. The City Council passed Ordinance 94375, which ordered the placement of Proposition 3 along with other propositions on the November 6, 2001 special election ballot.[2] The measure passed.

Section 3 of Ordinance 94375 provided that the propositions, if approved by a majority of the voters voting, would become "effective when the City Council enters an order stating an

---

[2] Proposition 3 reads, "Shall Article VI, Municipal Civil Service of the City Charter Sections 69 and 70 be amended to remove certain licensed professionals and executive job classifications from Municipal Civil Service coverage and protection, specifically, assistant directors of City Departments, architects, assistant auditors, attorneys, dentists, doctors, engineers, psychologists, veterinarians, part-time and seasonal employees; and providing for alternate members to the Municipal Civil Service Commission?

effective date of the propositions and states on the records of the City declaring that the Charter amendments have been adopted." This language was not part of the proposition presented to the voters. After the special election, the City Council passed a Ordinance 94956, which contained a declaration that the majority of voters had adopted the charter amendments. It also stated that "these Charter Amendments shall take effect when the City Council takes action by separate ordinance stating the effective date of each respective proposition."

In September 2002, the City Council passed Ordinance 96399 approving the budget for the 2002-2003 fiscal year. Although the ordinance did not mention Proposition 3, the budget expressly listed those jobs covered by Proposition 3, including that of assistant city attorney, as "unclassified" positions, meaning they were no longer covered by civil service protection. The ordinance states that it "shall take effect on the first day of October, 2002."

Minella was fired by the city in January 2003 and was denied civil service review of her termination. Minella filed suit alleging that her rights to procedural and substantive due process were violated. Cross-motions for summary judgment were filed on the question of whether the city council took action to make Proposition 3 effective either by order or separate ordinance. The district court found, on motion for new trial, that the budget Ordinance 96399, was a separate ordinance

3

effectuating the charter amendment approved in Proposition 3 as required in the city's previous ordinances.  The district court then denied all of Minella's claims against the defendants.  Minella appeals.

## II.

The only issue in this appeal is whether the district court erred in holding that the city council's adoption of the budget Ordinance 96399 properly implemented Proposition 3.  As the district court's decision is based on a question of law, our review is *de novo*.  Ellis v. Liberty Assur. Co. Of Boston, 394 F.3d 262, 269 (5th Cir. 2004).

Although not relied upon by the district court, Texas Local Government Code § 9.005(b) also affects when charter amendments are effective.[3]  Section 9.005(b) states that a charter amendment to a municipality's charter "does not take effect until the governing body of the municipality enters an order in the records of the municipality declaring that the . . . amendment is adopted."  We read this provision to necessarily mean that the amendment does take effect when the governing body enters an order that the amendment was adopted.  The City Council of the City of San Antonio took that action on November 15, 2001, when

---

[3]  Summary judgment may be affirmed if it is sustainable on any legal ground in the record, and may be affirmed on grounds rejected or not stated by the district court.  S&W Enterprises, LLC v. South Trust Bank of Alabama, NA, 315 F.3d 533, 537-38 (5th Cir. 2003).

it entered an order declaring that the majority of voters adopted the charter amendment in Ordinance No. 94956.

Since the Texas Legislature has set forth requirements regarding when a voter approved charter or amendment becomes effective as set forth in § 9.005(b), any city ordinance purporting to invoke a contrary effective date is unenforceable to the extent it conflicts with the statute. Dallas Merchant's and Concessionaire's Assoc. v. City of Dallas, 852 S.W. 2d 489, 491 (Tex. 1993). Accordingly, the purported delay of effective dates of the charter amendments in Ordinances 94375 and 94956 was without effect. In addition, whether Proposition 3 was made effective in the Budget Ordinance 96399 is irrelevant. Proposition 3 took effect in accordance with Texas Local Government Code § 9.005(b) when the city council entered an order that it was adopted. Accordingly, it was effective prior to the enactment of the budget ordinance and, more to the point, was effective prior to Minella's termination.

A contrary rule would allow a city council to effectively "veto" a voter adopted amendment by delaying its implementation. In re Robinson, 2005 WL 285967 (Tex. App. Houston 2005). In Robinson, the Texas Appellate Court stated "We will not interpret section 9.005(b) in such a manner as to give the City Council the choice of deciding when, or indeed if, a charter amendment that has been passed by a majority of the voters becomes effective."

5

Id.  Although Robinson involved a mandamus proceeding to force the Houston City Council to enter an order declaring the adoption of voter approved propositions, we see no reason why the same logic would not apply to this case.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.