

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

June 26, 2026

The Honorable Kevin Sparks
Chair, Senate Committee on Natural Resources
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0521**

Re: Whether the City of Austin's proposed energy code conflicts with Texas Utilities Code § 181.903 (RQ-0600-KP)

Dear Senator Sparks:

You ask about a possible conflict between provisions in the City of Austin's Energy Code and the Utilities Code.[1] The provision at issue in the City's Energy Code is section 8.4.5, which you tell us contains "electric-ready" language that "require[s] builders to create additional electrical infrastructure for hypothetical future electric equipment." Request Letter at 2. You state that these requirements conflict with subsection 181.903(b) of the Utilities Code because they "clearly discriminate against the use of natural gas service based solely on the type and source of energy." *Id.* As such, you ask whether such a conflict indeed exists between these provisions. *Id.* at 1.

**The City may not adopt a code that "has the purpose, intent, or effect of directly or indirectly . . . discriminating against" a utility service "based on the type or source of energy."**

The City is a home-rule municipality which derives its power from article XI, subsection 5(a) of the Texas Constitution. *See Quick v. City of Austin*, 7 S.W.3d 109, 122 (Tex. 1998); *see also* TEX. CONST. art. XI, § 5(a). This classification vests the City with authority to exercise the "full power of local self-government." TEX. LOC. GOV'T CODE § 51.072(a). Relevant here, the City enacted an ordinance that replaced its Energy Code in Article 12 of City Code Chapter 25-12 with a new Energy Code that includes section 8.4.5 and its subsections. *See* AUSTIN, TEX., LAND DEVELOPMENT CODE, § 25-12-262 (2025). Section 8.4.5 and its subsections require buildings containing combustion equipment for space heating, service water heating, cooking, and clothes

---

[1] *See* Letter from Hon. Brian Birdwell, Chair, S. Comm. on Nat. Res. & Econ. Dev., to Hon. Ken Paxton, Tex. Att'y Gen. at 1–2 (May 8, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0600KP.pdf ("Request Letter").

drying to install infrastructure for electric equipment and appliances for these same purposes. *Id.* §§ 8.4.5–8.4.5.4.2. The Energy Code defines "[c]ombustion [e]quipment" as "[a]ny equipment or appliance used for space heating, service water heating, cooking, clothes drying or lighting that uses a fossil fuel." *Id.* § 3.2. Thus, the City's Energy Code requires the installation of "electric-ready" infrastructure in buildings with equipment or appliances that use natural gas for these purposes.

Although home-rule municipalities are afforded broad authority to self-govern, *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 261–62 (Tex. 2018), they may not adopt an ordinance that "contain[s] any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State," TEX. CONST. art. XI, § 5(a); *see also* Act of May 20, 2023, 88th Leg., R.S., ch. 899, § 11, 2023 Tex. Gen. Laws 2871, 2874 (codified at TEX. LOC. GOV'T CODE § 51.002).[2] The Legislature may thus limit a home-rule municipality's broad powers so long as "it expresses its intent to do so with 'unmistakable clarity.'" *City of Houston v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013) (quoting *Dall. Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993)).

Subsection 181.903(b) of the Utilities Code is one such limit on the City's powers. Indeed, it prohibits political subdivisions, including cities, from adopting or enforcing a code with:

> the purpose, intent, or effect of directly or indirectly banning, limiting, restricting, discriminating against, or prohibiting the connection or reconnection of a utility service or the construction, maintenance, or installation of residential, commercial, or other public or private infrastructure for a utility service based on the type or source of energy to be delivered to the end-use customer.

TEX. UTIL. CODE § 181.903(b). Thus, the City may not adopt or enforce a provision which conflicts with subsection 181.903(b) of the Utilities Code.

**Section 8.4.5 memorializes a preference for electrification and thus has the "purpose, intent, or effect of directly or indirectly . . . discriminating against" the use of natural gas utility services "based on the type or source of energy."**

One way in which section 8.4.5 could conflict with subsubsection 181.903(b) is by having "the purpose, intent, or effect of directly or indirectly . . . discriminating against" a utility service

---

[2] Section 51.002 of the Local Government Code has been the subject of recent challenges but remains good law. That section was codified by the Texas Regulatory Consistency Act in 2023, Act of May 20, 2023, 88th Leg., R.S., ch. 899, § 11, 2023 Tex. Gen. Laws 2871, 2874, and the Austin Court of Appeals recently reversed a district court holding that the Act was unconstitutional, *State v. City of Houston*, No. 03-23-00531-CV, 2025 WL 2014935, at *8 (Tex. App.—Austin July 18, 2025, pet. filed) (rendering dismissal for want of jurisdiction), *reh'g denied*, No. 03-23-00531-CV, 2026 WL 1343571 (Tex. App.—Austin May 14, 2026, no pet. h.).

"based on the type or source of energy."[3] *Id*. Determining whether a conflict exists between these provisions requires us to ascertain the meaning of the phrase "discriminating against" through the use of established principles of statutory construction. *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 678 (Tex. 2010).

In interpreting a legislative act, we strive to "ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We look to the "plain meaning" of the statute's words "as informed by the context in which the enacted text appears." *Am. Pearl Grp., L.L.C. v. Nat'l Payment Sys., L.L.C.*, 715 S.W.3d 383, 387 (Tex. 2025). "Undefined terms in a statute are typically given their ordinary meaning," *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011), which is generally discerned by "look[ing] first to dictionary definitions," *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020) (quoting *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018)).

The Legislature does not define "discriminating" for purposes of subsection 181.903(b). However, the word "discriminate" commonly means "to make a difference in treatment or favor on a basis other than individual merit." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 358 (11th ed. 2020). A comparative analysis of contemporaneous dictionaries counsels similarly. *See, e.g.*, THE AMERICAN HERITAGE DICTIONARY 31 (5th ed. 2016) (defining "against" as "[i]n hostile opposition or resistance to"); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 23 (11th ed. 2020) (defining "against" as "in opposition or hostility to"); NEW OXFORD AMERICAN DICTIONARY 29 (3d ed. 2016) (defining "against" as "in opposition to"). Here, of course, the basis other than individual merit has been specified by the Legislature: The Utility Code prohibits differential treatment that is "based on the type or source of energy to be delivered to the end-use customer." TEX. UTIL. CODE § 181.903(b).

The foregoing makes clear that section 8.4.5 has the "purpose, intent, or effect of directly or indirectly" discriminating against natural gas utility services. This provision mandates the installation of electric-ready infrastructure—based merely on the "type or source of energy," *id.*— over others like natural gas. *See* AUSTIN, TEX., LAND DEVELOPMENT CODE, §§ 8.4.5–8.4.5.4.2 (2025). To be sure, the City suggests that "[t]here is no evidence demonstrating that [its] Energy Code deters the use of natural gas or that it will lead to a meaningful reduction in natural gas installations."[4] The City also explains that its Energy Code aims not to discriminate but "create affordable building options" and give "the customer more options" when choosing a preferred energy source. Request Letter at 1. But these points miss the mark. There can be no question that the Utility Code neither prohibits *meaningful* nor *intentional* discrimination alone; it guards against the adoption or enforcement of any "ordinance, resolution, regulation, code, order, policy, or other measure that has the . . . effect of *directly* or *indirectly* . . . discriminating against" utility services

---

[3] As noted above, subsection 181.903(b) also prohibits an ordinance from having "the purpose, intent, or effect of directly or indirectly banning, limiting, restricting[] . . . or prohibiting the" use of natural gas utility services "based on the type or source of energy." TEX. UTIL. CODE § 181.903(b). We offer no comment on whether section 8.4.5 conflicts with subsection 181.903(b) on these other bases.

[4] Brief from Deborah Thomas & Sonya Herrera, City of Austin City Att'ys, to Hon. Ken Paxton, Tex. Att'y Gen. at 2 (Aug. 18, 2025) ("Brief") (on file with the Op. Comm.).

based on the "type or source of energy." TEX. UTIL. CODE § 181.903(b) (emphases added). Basic economics likewise belie the notion that mandating electric-ready infrastructure over others—in what would otherwise constitute a free market—would not carry direct or indirect discriminatory effects against utilities that do not deal in electricity. Put simply, we need not dwell on factual disputes regarding the scope, scale, or intent of differential treatment when the Legislature has prohibited the very existence of discriminatory effects in the first place. *Id.* We therefore conclude that the Utility Code's broad prohibition renders section 8.4.5 of the City's ordinance unenforceable.

## S U M M A R Y

Subsection 181.903(b) of the Utilities Code prohibits the City of Austin from adopting or enforcing a code that has "the purpose, intent, or effect of directly or indirectly . . . discriminating against" a utility service based on the type or source of energy. As such, the City of Austin's Energy Code cannot lawfully memorialize opposition to the use of natural gas utility services and is invalid to the extent that it does so.

Very truly yours,

KEN PAXTON
Attorney General of Texas


BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

MICHAEL C. COTTON
Chair, Opinion Committee

ALLISON FREED
Assistant Attorney General, Opinion Committee